09-2395-cr
USA v. Baadhio

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of September, two thousand eleven.

Present:
       GUIDO CALABRESI,
       ROBERT A. KATZMANN,
               *Circuit Judges*,
       JOHN GLEESON,[*]
               *District Judge*.

_____

UNITED STATES OF AMERICA,

       *Appellee*,

              v.                                        No. 09-2395-cr

RANDY BAADHIO,

       *Defendant-Appellant*.

_____


For Defendant-Appellant:          CONRAD OST SEIFERT, Seifert & Hogan, Old Lyme, Conn.

_____

[*] The Honorable John Gleeson of the United States District Court for the Eastern District of New York, sitting by designation.

For Appellee:                           EDWARD CHANG, Assistant United States Attorney
                                        (Sandra S. Glover, Assistant United States Attorney, *on
                                        the brief*), *for* David B. Fein, United States Attorney for
                                        the District of Connecticut, New Haven, Conn.


Appeal from the United States District Court for the District of Connecticut (Bryant, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and

**DECREED** that the judgment of the district court is **AFFIRMED** and the case is **REMANDED**

for the limited purpose set forth herein.

Defendant-Appellant Randy Baadhio appeals from a June 1, 2009 judgment of conviction

entered by the United States District Court for the District of Connecticut (Bryant, *J.*).  On

January 30, 2009, Baadhio pleaded guilty, pursuant to a plea agreement, to one count of fraud in

connection with access devices in violation of 18 U.S.C. § 1029(a)(2).  On May 29, 2009, the

district court sentenced Baadhio principally to a term of 57 months' imprisonment.  On appeal,

Baadhio contends that (1) his medical conditions and cognitive limitations affected his ability to

knowingly, voluntarily, and competently enter into the plea agreement and plead guilty; (2) the

district court erred by failing to order a competency hearing *sua sponte*; and (3) the district court

erred by omitting from the written judgment its oral recommendation that Baadhio be

incarcerated at a federal medical facility.  We presume the parties' familiarity with the facts and

procedural history of this case.

We turn first to Baadhio's challenge to the validity of his guilty plea.[1]  A criminal

---

[1] Baadhio's plea agreement purports to bar an appeal of his conviction or sentence as
long as he is sentenced within the stipulated Guidelines range of 51 to 63 months' imprisonment.
"[A] defendant may have a valid claim that the waiver of appellate rights is unenforceable,"
however, "when the waiver was not made knowingly, voluntarily, and competently." *United
States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000).  In any event, the government does not

defendant may not plead guilty "unless he does so 'competently and intelligently.'" *Godinez v.*

*Moran*, 509 U.S. 389, 396 (1993). The standard for competence to plead guilty is the same as

that to stand trial: the defendant must have "sufficient present ability to consult with his lawyer

with a reasonable degree of rational understanding" and "a rational as well as factual

understanding of the proceedings against him." *Id.* (quoting *Dusky v. United States*, 362 U.S.

402, 402 (1960) (per curiam)) (internal quotation marks omitted). "In making a determination of

competency, the district court may rely on a number of factors, including medical opinion and

the court's observation of the defendant's comportment." *United States v. Nichols*, 56 F.3d 403,

411 (2d Cir. 1995). "A failure by trial counsel to indicate that the defendant had any difficulty in

assisting in preparation or in comprehending the nature of the proceedings 'provides substantial

evidence of the defendant's competence.'" *United States v. Kirsh*, 54 F.3d 1062, 1071 (2d Cir.

1995). "It is well-established that some degree of mental illness cannot be equated with

incompetence to stand trial." *Nichols*, 56 F.3d at 412 (internal quotation marks omitted).

During the plea hearing, Baadhio's counsel confirmed that he had explained to Baadhio

the charges against him and that Baadhio comprehended the consequences of pleading guilty. In

addition, Baadhio told the district court that he understood all the provisions of the plea

agreement and the proceedings that day. At the time of the plea hearing, the district court had

not been advised that Baadhio had been diagnosed with HIV/AIDS-related dementia or that he

suffered from cognitive limitations. For these reasons, we see no error in the district court's

implicit conclusion, based on the materials available to it at the time, that Baadhio was

---

contend that the appeal waiver in the plea agreement precludes our consideration of the claims of
error addressed in this order.

3

competent to plead guilty.

Baadhio also argues, based on medical findings brought to the district court's attention through his sentencing memorandum and presentence report, that the district court erred by failing to hold a competency hearing *sua sponte*. Title 18, Section 4241(a) of the United States Code provides in pertinent part:

> At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, . . . [t]he court . . . shall order . . . a [competency] hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Because the due process right protected by the competency requirement "spans the duration of a criminal proceeding," "'a trial court *must always be alert* to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial.'" *United States v. Arenburg*, 605 F.3d 164, 168-69 (2d Cir. 2010) (per curiam) (quoting *Drope v. Missouri*, 420 U.S. 162, 181 (1975)).

> The issue of whether there is "reasonable cause" under 18 U.S.C. § 4241(a) "rests in the discretion of the [trial] court." As such, a district court may consider "many factors" when determining whether "reasonable cause" to order a competency hearing exists, including (but not limited to) its "observations of the defendant's demeanor during the proceeding." However, where "reasonable cause" exists "[a]t any time after the commencement of a prosecution," a district court has but one option: "order . . . a hearing."

*Id.* at 169 (citations omitted) (alterations and ellipsis in original).

After careful review of the record, including Baadhio's health history, his reported HIV/AIDS dementia, and his claims regarding the effects of the medications that he was taking, we find no merit in Baadhio's contention that the district court should have convened a competency hearing on its own motion. As an initial matter, the representations of Baadhio's

4

counsel and Baadhio's colloquies with the district court fully support the conclusion that Baadhio understood the proceedings against him and was able to assist in his defense. While the medical records available to the court indicated that Baadhio suffered from significant mental impairments, they contained no findings that he was incompetent, and did not recommend that further evaluation be conducted for the purpose of evaluating his competency. It is apparent that the court took account of Baadhio's medical conditions and cognitive limitations: during the sentencing, it elicited information about Baadhio's "poor health," including his diagnosis of HIV/AIDS-related dementia, and the government noted Baadhio's "severe medical issues." App. 64, 87. Nonetheless, the court observed that Baadhio — who holds a Ph.D. in physics and has co-authored books on quantum topology — "still maintains his keen intellectual ability," and concluded that he "certainly has the ability to think and comprehend and, thus, the ability to know right from wrong, and to be able to control his conduct to comport with the law." App. 98. Against this background, the record before the district court at sentencing did not evince "reasonable cause" such that the district court's failure to order a competency hearing *sua sponte* was an abuse of its discretion.

Finally, Baadhio contends that the district court erred in omitting from the written judgment its oral recommendation that the Bureau of Prisons ("BOP") place him in a federal medical facility. The government responds with various arguments that we cannot and should not reach this challenge. It first suggests that, given Baadhio's release from federal custody, his request that this court remand with instructions for the district court to order the BOP to redetermine Baadhio's place of incarceration is moot. Because the presence of such an instruction may well have an effect on Baadhio's supervised release, we, however, believe the

challenge is still a live one. The government next argues that we do not have the authority to order the district court to conform its written judgment to its oral pronouncement of Baadhio's sentence. It contends that a district court's recommendations regarding a prisoner's place of confinement are neither "final decisions" under 28 U.S.C. § 1291, nor "final sentence[s]" under 18 U.S.C. § 3742, and that, as a consequence, this court does not have jurisdiction to review appeals seeking their revision, or, relatedly, to order the lower courts to make such recommendations. For these propositions, it cites *United States v. Yousef*, 327 F.3d 56, 165 (2d Cir. 2003), and *United States v. Pineyro*, 112 F.3d 43, 45 (2d Cir. 1997). But, regardless of these arguments, our court is free to send the case back to the district court so that it may consider whether, given all the circumstances in this case, it thinks it appropriate to conform its written judgment to its oral pronouncement. We therefore remand this case for the limited purpose of permitting the district court to amend the written judgment of conviction to include its oral recommendation that Baadhio be incarcerated at a federal medical facility.

We have considered Baadhio's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED** and the case is **REMANDED** for the limited purpose of allowing the district court to amend the written judgment of conviction to reflect its oral recommendation that the BOP place Baadhio in a federal medical facility.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

6