**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-2884

_____

UNITED STATES OF AMERICA

v.

RANDY BAADHIO,
Appellant

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. No. 13-cr-00004-001)
District Judge:  Honorable Michael A. Shipp

_____

Submitted Under Third Circuit LAR 34.1(a)
April 6, 2016

_____

Before: FISHER, RENDELL and BARRY, Circuit Judges

(Opinion Filed:  April 25, 2016)

_____

OPINION[*]

_____

BARRY, Circuit Judge

    On July 30, 2015, Randy Baadhio pleaded guilty before District Judge Michael A.

Shipp to a Grade C Supervised Release Violation for failure to comply with the condition

_____

[*]  This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

of supervised release that required him to make monthly restitution payments. Baadhio was sentenced to 60 days' imprisonment, a one-year extension of supervised release, and two additional conditions of supervised release— "treatment in a mental health program" and "computer monitoring". He appealed, and argues to us that Judge Shipp erred by extending his term of supervised release and imposing the two special conditions. He does not appeal the 60 days of imprisonment. We will affirm.

## I. BACKGROUND

Baadhio has a substantial criminal history, which includes convictions for the unlawful use of an access device and the fraudulent use of a credit card. In 2006, following a New Jersey conviction for theft of services, Baadhio escaped from a halfway house, and began using identities he obtained from the internet to apply for and receive credit cards in others' names, ultimately building up $142,423.40 in unauthorized charges.

On June 15, 2007, as a result of this activity, Baadhio was arrested, charged and eventually pleaded guilty in the District of Connecticut to one count of access device fraud, in violation of 18 U.S.C. § 1029(a)(2). On May 29, 2009, he was sentenced to 57 months' incarceration, 3 years of supervised release, and $200 per month in restitution. He appealed, an appeal the Second Circuit summarily rejected. *See United States v. Baadhio*, 439 F.App'x. 43 (2d Cir. 2011).

Baadhio was released from federal prison on August 5, 2011 and his custody was turned over to the New Jersey Department of Corrections in connection with his escape

from the halfway house. The date on which his federal supervision commenced is unclear — one document lists July 26, 2012 as the start date, SA1, and others list August 5, 2011, JA10, 26. In any event, on January 2, 2013, jurisdiction over his supervised release was transferred from the District of Connecticut to the District of New Jersey. On February 19, 2014, Judge Shipp granted a petition to modify the restitution condition of Baadhio's supervised release, decreasing his monthly payment to $20.

Between April 2014 and June 2015, Baadhio's Probation Officer filed three petitions alleging numerous violations of his supervised release including, *inter alia,* allegations that he sent a threatening email to the Officer, failed to make his monthly restitution payments, opened a line of credit without permission, and committed aggravated assault by attacking a State parole officer. Magistrate Judge Tonianne J. Bongiovanni twice released him on bail. She also required him to undergo mental health testing and warned him about the consequences of sending threatening e-mails to his Probation Officer. Finally, on June 24, 2015, after being arrested in connection with the Third Amended Petition, Judge Bongiovanni detained Baadhio pending his violation hearing.

At the July 30, 2015 violation hearing before Judge Shipp, Baadhio pleaded guilty, admitting that he failed to pay his $20 monthly restitution. Despite him having a Guidelines range of 7 to 13 months, the Government argued for a sentence of two months' imprisonment with no supervised release to follow. Not surprisingly, Baadhio's counsel did not object. As noted above, however, Judge Shipp imposed a 60-day sentence

3

and a one-year term of supervised release because he was "not persuaded that this should be a case where there is no supervision," JA4, 23-24, and imposed the two special conditions. Baadhio, again, did not object and told Judge Shipp that his Probation Officer "has done the very best for me," and was treated him "fairly and humanly." JA22-23. The remaining violations were dismissed.

Baadhio now argues to us that Judge Shipp erred by (1) imposing a one year extension of supervised release contrary to the Government's recommendation and likely not authorized by statute, and (2) by imposing special conditions that were not reasonably related to his violation for failing to make his monthly restitution payments. Meanwhile, Baadhio was sending letters to Judge Shipp, including a pro se request to suspend his supervised release and the special conditions pending appeal. In that request, Baadhio alleged misconduct both by his Probation Officer (despite his conflicting statements at his violation hearing) and by others, and claimed that he was not actually guilty of his failure to make restitution payments. Judge Shipp denied the request. This appeal followed.

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3583(e). We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. Baadhio did not object to the terms and conditions of supervised release imposed at his violation hearing. We thus review for plain error. *United States v. Maurer*, 639 F.3d 72, 77, 82 (3d Cir. 2011).

4

## III. ANALYSIS

**A. Whether the District Judge plainly erred by imposing one year of supervised release.**

When revoking supervised release and imposing a sentence of imprisonment, a court may also impose a supervised release "tail," which is "the term of supervised release that may be imposed following a term of post-revocation imprisonment." *United States v. Williams*, 675 F.3d 275, 278-79 (3d Cir. 2012). A supervised release "tail" " 'shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.' " *Id.* (*quoting* 18 U.S.C. § 3583(h)).

Baadhio argues that it was plain error for Judge Shipp to impose one year of supervised release in addition to the 60-day prison sentence because: (1) it "was contrary to the Government's recommendation;" and (2) it "may exceed the maximum length of time that may be imposed under his conviction." Appellant's Br. at 8. As to the latter, he states that it is "unclear . . . whether this additional year after his imprisonment on a revocation exceeds the supervised release that was authorized under the original sentence[,]" due to the conflicting dates of his supervised release commencement, *id.* at 11), and argues that because of his intervening incarcerations on both State and Federal charges, there is no clear calculation as to the actual time he has served on supervision.

First, Baadhio's argument regarding Judge Shipp's "failure" to adopt the Government's sentencing recommendation is without merit as "a district court is in no

5

way bound by the parties' sentencing recommendations." *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006). Moreover, the record is clear that Baadhio needed more supervision, as Judge Shipp quite properly found. Second, aside from the fact that it is not enough on plain error review to simply state that it is "unclear" whether the additional year of supervised release exceeds what was authorized by statute, Baadhio was convicted of one count of access device fraud, in violation of 18 U.S.C. § 1029(a)(2). That offense carried a maximum term of supervised release of thirty-six months. *See* 18 U.S.C. § 3583(b)(2). As stated above, a supervised release "tail" "'shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that had been imposed upon revocation of supervised release.'" 18 U.S.C. § 3583(h). Under 18 U.S.C. § 3583(h), the maximum term of supervised release permitted was thirty-four months; the maximum of thirty-six months less the 60-days imprisonment imposed at Baadhio's violation hearing. *See* 18 U.S.C. § 3583(h). Baadhio has simply failed to show plain error regarding the imposition of one year of supervised release.

**B. Whether it was plain error to impose two special conditions of supervised release.**

The District Judge imposed two special conditions of supervised release: (1) "undergo treatment in a mental health program approved by the United States Probation Office until discharged by the Court;" and (2) "submit to an initial inspection by the U.S. Probation Office, and to any unannounced examinations during supervision, of your computer equipment" and "allow the installation on your computer of any hardware or

software systems which monitor computer use." JA4. Courts may impose special conditions of supervised release where those conditions are "'reasonably related to the factors set forth in [§ 3553(a)],'" and "'involve[] no greater deprivation of liberty than is reasonably necessary' to deter future crime, protect the public, and rehabilitate the defendant." *United States v. Thielemann*, 575 F.3d 265, 272 (3d Cir. 2009) (quoting 18 U.S.C. § 3583(d)(1)-(2)); *see also United States v. Pruden*, 398 F.3d 241, 248 (3d Cir. 2005).

Baadhio argues that the imposition of "computer monitoring" and "mental health treatment are not reasonably related to the factors in 18 U.S.C. § 3553(a)(1) & (2), as the conditions impose a greater deprivation of liberty than "is reasonably necessary to achieve the § 3553(a)(2) purposes." (Appellant's Br. at 12) However, as he concedes in his brief (*Id.*), "[t]he § 3553(a) factors are fairly broad," and "[c]ourts generally can[] impose…a condition [as long as there is] evidence that the condition imposed is "reasonably related" …to the crime or to something in the defendant's history." *Pruden*, 398 F.3d at 248-49. While "a district court should state on the record its reasons for imposing [a] condition," *Id.* at 249, we nevertheless "may ... affirm [a special] condition if we can ascertain any viable basis for the ... restriction in the record before the District Court ... on our own." *Heckman*, 592 F.3d at 405. Judge Shipp did not make explicit findings to support the imposition of the two special conditions, but the record provides a substantial basis for their imposition.

As to the condition requiring mental health treatment, Baadhio's Probation Officer

stated that his "behavior has become increasingly alarming," and that he sent her a threatening email stating that "if you keep pushing…I will put you on the ground." SA27. *Id.* Baadhio, of course, had praised his Probation Officer at his sentencing hearing, but then alleged misconduct by she and others in his pro se letter to Judge Shipp, and in the raft of bizarre allegations and civil actions that followed. Magistrate Judge Bongiovanni, we note, had earlier seen the need for this special condition when she required that he undergo mental health testing and treatment. There is "ample support" in the record for the imposition of this special condition. *See United States v. Heckman*, 592 F.3d 400, 409 (3d Cir. 2010).

The record also well supports the imposition of the computer monitoring condition. At least one of Baadhio's previous convictions involved the use of a computer in connection with fraudulently opening and using lines of credit, and he used the internet in connection with his Unlawful Use of an Access Device Conviction in the District of Northern California in 2001. (PSR ¶¶ 8-15, 32). Judge Bongiovanni warned Baadhio about his computer and internet use after he sent the threatening e-mail. And there is more, as detailed in the Government's brief.

Despite Baadhio's contention that monitoring of his computer vests his Probation Officer with unlimited authority to intrude on his fundamental rights, "probation officers must be allowed some discretion in dealing with their charges," as "courts cannot be expected to map out every detail of a defendant's supervised release." *Heckman*, 592 F.3d at 410. The computer monitoring restriction lasts just one year, is authorized by statute,

and is a practical way to protect the public from further crimes similar to those Baadhio has repeatedly committed. Moreover, the Probation Officer will not have, as Baadhio asserts, "unfettered powers of interpretation," as the terms of the supervised release state that "[a]ny dispute as to the applicability of this condition shall be decided by the Court." A4.

## IV. CONCLUSION

The judgment of the District Court will be affirmed.